IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE TRAVELERS LLOYDS INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:10-cv-982 |
| LOOP COLD STORAGE MANAGEMENT COMPANY, LOOP COLD STORAGE, MCALLEN, L.P., and MELESIO C. VASQUEZ | § § § § § | |
| Defendants. | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW,** The Travelers Lloyds Insurance Company and The Travelers Indemnity Company of Connecticut, Plaintiffs in the above entitled and numbered cause, complaining of Loop Cold Storage Management Company, Loop Cold Storage, McAllen, L.P., and Melesio C. Vasquez, and seeking a declaration of the respective rights and liabilities of the parties under and pursuant to certain insurance contracts issued by Plaintiffs, and for such would show unto the Court as follows:

**I.**

**THE PARTIES**

1.     The Travelers Lloyds Insurance Company ("Travelers Lloyds"), is a Texas Lloyd's plan insurance association and is an unincorporated association.  For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters.  *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also, State Farm Lloyds v. Peed*, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").  The underwriters of Travelers Lloyds are all citizens of Connecticut.  None of the underwriters of Travelers Lloyds are citizens of Texas.

2.     The Travelers Indemnity Company of Connecticut ("Travelers Indemnity"), is an insurance company organized under the laws of the State of Connecticut, with its principal office and place of business in Hartford, Connecticut.

3.     Loop Cold Storage Management Company ("Loop Cold Storage – San Antonio") is a Texas corporation with its principal place of business in Bexar County, Texas.  Service of process on Loop Cold Storage Management Company may be accomplished by serving its registered agent for service, John T. McGuire at 8700 Crownhill Blvd., Suite 406, San Antonio, TX 78216.

4.     Loop Cold Storage, McAllen, L.P. ("Loop Cold Storage – McAllen") is a Texas Limited Partnership whose General Partner is a Texas corporation with its principal place of business in Texas, and whose Limited Partners are all citizens of

Texas.  Service of process on Loop Cold Storage, McAllen, L.P. may be accomplished by serving its registered agent for service, John T. McGuire at 8700 Crownhill Blvd., Suite 406, San Antonio, TX 78216.

7.     Melesio C. Vasquez ("Vasquez") is a citizen and resident of the State of Texas who may be served with process at his residence located at 317 Laurel Street, Sullivan City, TX 78595.

## II.

## JURISDICTION

8.     This Court has jurisdiction under Title 28, U.S.C.A. § 1332 since this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

9.     This is an action for a declaratory judgment in a case of actual controversy pursuant to § 2201 of the U.S. Judicial Code (28 U.S.C.A. § 2201) and is brought to determine the respective rights and liabilities of the parties under and pursuant to certain insurance contracts issued to Loop Cold Storage – San Antonio and others.

## III.

## VENUE

10.     Venue is proper in this Court under 28 U.S.C.A. § 1391(a) because Loop Cold Storage resides in this judicial district and all defendants reside in the same state, and because a substantial part of the events giving rise to this claim occurred in this judicial district (i.e., the policies in question were issued to Loop Cold Storage – San Antonio in this judicial district).

**IV.**

**FACTUAL BACKGROUND AND REQUESTED RELIEF**

**A.  The Lawsuit**

10.    Ibarra is currently asserting claims against Loop Cold Storage – San Antonio, and Loop Cold Storage – McAllen (collectively, "Loop Cold Storage") and Vasquez in a lawsuit styled *Raul Ibarra v. Loop Cold Storage Management Company, L.P., et al,* pending in the 389th Judicial District Court of Hidalgo County, Texas, under Cause No. C-3305-09-H (the "Lawsuit").

11.    The claims asserted in the Lawsuit stem from an accident occurring on October 22, 2009, in McAllen, Texas.  Through Plaintiffs' Fourth Amended Petition, the Ibarra alleges that on the date in question, he was employed by Loop Cold Storage as a forklift operator.  It is further alleged that Ibarra was standing on the loading dock next to a forklift reading a work-order while Vasquez, who was also employed by Loop Cold Storage, operated another forklift nearby.  While Vasquez was driving in reverse, it is alleged he crushed Ibarra between the two forklifts, resulting in Ibarra sustaining serious bodily injuries.

12.    Through the Lawsuit, Ibarra is seeking to recover damages because of bodily injury based on the alleged negligence, negligence per se and gross negligence of Vasquez and Loop Cold Storage.

13.    It is also alleged that because Loop Cold Storage did not subscribe to workers compensation insurance in Texas, Ibarra "is entitled to bring" the Lawsuit against Vasquez and Loop Cold Storage.

14.     After being served, Vasquez and Loop Cold Storage tendered the claims asserted in the Lawsuit to Travelers Lloyds and Travelers Indemnity (collectively, "Travelers"), and are seeking benefits under the insurance policies described below.

## B. The Policies

### i.     The Primary Policy

15.     Travelers Lloyds issued Policy No. P-660-8372M251-TLC-09 (the "Primary Policy") to Loop Cold Storage – San Antonio and others.   The relevant coverage part is the **Commercial General Liability Coverage Form**, Form No. CG 00 01 10 01.

16.     Section II of the **Commercial General Liability Coverage Form** is titled **"WHO IS AN INSURED."**  The last paragraph of that Section provides as follows:

> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations.

Because Loop Cold Storage, McAllen, L.P. is not identified as a "Named Insured" in the Primary Policy, it is not entitled to the coverage provided by that Policy.

17.     Even if Loop Cold Storage, McAllen, L.P. qualifies as an "insured" or "Named Insured" under the Primary Policy, the Primary Policy does not cover the claims asserted in the Lawsuit against either Loop Cold Storage or Vasquez.  Specifically, the **Commercial General Liability Coverage Form** reads in pertinent part as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance

applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . .  to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

18.     The **Commercial General Liability Coverage Form** also contains the following pertinent exclusion:

**2. Exclusions**

This insurance does not apply to: . . .

**e.     Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse . . . of that "employee" as a consequence of Paragraph **(1)** above.

19.     In addition, the Primary Policy contains an endorsement (Form No. CG F1 28 10 907) titled: **EXCLUSION - - TEXAS WORKERS' COMPENSATION** (the "Nonsubscriber Endorsement").  This endorsement provides as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Pursuant to [Loop Cold Storage's] decision to reject the Texas Workers' Compensation Act and become a non-subscriber under the Act in Texas, the insurance afforded under this policy does not apply to any "bodily injury", "property damage", "personal injury", or "advertising injury" as respects any claim or suit arising out of or resulting from [Loop Cold Storage] decision to reject the Act in Texas.

20.     Because Ibarra is seeking damages from Vasquez and Loop Cold Storage because of "bodily injury" sustained by Ibarra due to an accident arising out of and in the course his employment by Loop Cold Storage, his claims fall within the scope of the Employer's Liability exclusion quoted above.

21.     Further, because the claims asserted against Loop Cold Storage and Vasquez would be barred but for Loop Cold Storage's decision to reject the Texas Workers' Compensation Act, Ibarra' claims fall within the scope of the Nonsubscriber Endorsement.

22.     In light of the above, the claims asserted in the Lawsuit against both Vasquez and Loop Cold Storage are excluded from coverage by the terms of the Primary Policy.

### ii.     The Umbrella Policy

23.     Travelers Indemnity issued Policy No. PSM-CUP-9437A676-TCT-09 (the "Umbrella Policy") to Loop Cold Storage Management Company and others.   The relevant coverage part is the **Commercial Excess Liability (Umbrella) Insurance** form, Form No. UM 00 01 11 03, which reads in pertinent part as follows:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> **a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury" . . . " to which this insurance applies.  . . .

24.     The scope of the coverage provided by the Umbrella Policy, however, is limited by an endorsement (Form No. UM 02 23 07 96) titled: **EXCLUSION - - TEXAS WORKERS' COMPENSATION.**  This endorsement is identical to the Nonsubscriber Endorsement in the Primary Policy, except it modifies the coverage provided by the **Commercial Excess Liability (Umbrella) Insurance** form.  Specifically, it provides as follows:

This endorsement modifies insurance provided under the following:

Commercial Excess Liability (Umbrella) Insurance

Pursuant to [Loop Cold Storage's] decision to reject the Texas Workers' Compensation Act and become a non-subscriber under the Act in Texas, the insurance afforded under this policy does not apply to any "bodily injury", "property damage", "personal injury", or "advertising injury" as respects any claim or suit arising out of or resulting from [Loop Cold Storage's] decision to reject the Act in Texas.

25.     Further, the last two paragraphs of **SECTION II – WHO IS AN INSURED** in the **Commercial Excess Liability (Umbrella) Insurance** form state as follows:

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

No person is an insured as respects "bodily injury" to a fellow employee unless insurance for such liability is afforded by the "underlying insurance".

26.     "Underlying insurance," as used in the paragraph quoted above, refers to the policies identified in the **SCHEDULE OF UNDERLYING INSURANCE**, Form No. CG D0 23 04 96.  That schedule identifies three (3) policies, none of which cover the claims asserted against Vasquez and Loop Cold Storage in the Lawsuit.

27.     Because Ibarra has asserted claims against Vasquez and Loop Cold Storage that would be barred but for Loop Cold Storage's decision to reject the Texas

Workers' Compensation Act, those claims are excluded from coverage by the terms of the Umbrella Policy.

28.     Additionally, because Loop Cold Storage, McAllen, L.P. is not identified as a "Named Insured" in the Umbrella Policy, it is not entitled to the coverage provided by that Policy

29.     Furthermore, because there is no "underlying coverage" applicable to the claims asserted against Vasquez in the Lawsuit, those claims are excluded from coverage by the terms of the Umbrella Policy.

30.     In light of the above, Travelers seeks the relief requested below.

WHEREFORE, Travelers prays that the Court adjudicate and declare that:

1.     The Primary Policy does not cover any of the claims asserted against Vasquez and Loop Cold Storage in the Lawsuit;

2.     The Umbrella Policy does not cover any of the claims asserted against Vasquez and Loop Cold Storage in the Lawsuit;

3.     Travelers has no duty to defend the claims asserted against Vasquez and Loop Cold Storage in the Lawsuit;

3.     Travelers has no liability for the Judgment, if any, entered against Vasquez and Loop Cold Storage in the Lawsuit;

4.     Travelers is entitled to recover its costs and disbursements herein from Vasquez and Loop Cold Storage; and

5.      Travelers be awarded such other and further relief as may be proper.

Respectfully submitted,


/s/James H. Moody, III
JAMES H. MOODY, III
State Bar No. 14307400

Quilling, Selander, Cummiskey & Lownds, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)

ATTORNEY FOR THE TRAVELERS LLOYDS
INSURANCE COMPANY AND THE
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT